## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CR-0317-CVE |
| | ) | |
| ROBERT ANTONIO WOODS, | ) | |
| DARREN STUART SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's motion to reconsider the Court's opinion and order granting defendants' motions to suppress evidence (Dkt. # 73). The Court entered an opinion and order (Dkt. # 71) granting defendants' motions to suppress evidence on the ground that plaintiff failed to present credible evidence that the police officer who initiated the traffic stop, Mitchel Phillips, had reasonable suspicion to believe that a traffic violation had occurred. Plaintiff does not ask the Court to reconsider its decision to grant defendants' motion to suppress, but plaintiff does request that the Court remove its adverse credibility finding as to Phillips's testimony. Instead, plaintiff asks the Court to rule solely that plaintiff failed to meet its burden of proof and that plaintiff's faulty presentation of the evidence was responsible for the Court's ruling in favor of defendants. Dkt. # 73, at 1.

On July 7, 2021, a grand jury returned an indictment charging defendants Robert Antonio Woods and Darren Stuart Smith with drug conspiracy (count one) and possession of methamphetamine with intent to distribute (count two). Dkt. # 2. The charges arose out of an April 10, 2021 traffic stop in which Phillips pulled over defendants' vehicle for allegedly failing to

maintain a lane.  Phillips subsequently searched defendants' vehicle and found methamphetamine hidden inside one of the seats.  Defendants filed motions to suppress the evidence seized during Phillips' search of the vehicle.  Dkt. ## 42, 43.  The Court set the motions for an evidentiary hearing, and the only witness called to testify at the hearing was Phillips.  In addition to Phillips' testimony, the parties offered video footage of the encounter and Phillips' police report as evidence.

The Court entered an opinion and order (Dkt. # 71) granting defendants' motion to suppress. A traffic stop is treated as an investigative detention under the Fourth Amendment, and an investigative detention must be supported by reasonable suspicion that a traffic violation occurred and must be reasonable in length and scope.  The Court's opinion and order focused solely on the first prong of the investigative detention, and the only evidence offered by plaintiff to establish that a traffic violation occurred was Phillips' testimony.  There was video footage available for Phillips' conversations with defendants, but there was no saved video footage from the forward-facing camera on Phillips' patrol vehicle of the alleged lane violation.  The available video footage from the forward-facing camera shows defendants' vehicle maintaining its lane until the time of the traffic stop.  The Court found that the video of Phillips' conversations with defendants showed that he was unable to clearly articulate how or when the traffic violation occurred, even though Woods inquired about the traffic stop at least twice.  Dkt. # 71, at 7.  The Court reviewed Phillips' police report and identified several significant inconsistencies between the report and the videos of the encounter.  Id. at 8.  The Court also considered evidence offered by defendants that Phillips had previously had his testimony concerning the occurrence of a lane violation challenged, and Phillips was aware that the forward-facing camera would not save footage that took place more than one minute before Phillips activated the emergency lights on his patrol vehicle.  Id. at 9.  Considering the totality of the

circumstances, the Court determined that Phillips' testimony that he observed a traffic violation was not credible, and there was no basis for Phillips to initiate a traffic stop of defendants' vehicle. Id. at 10. The Court ruled that the investigative detention violated defendants' rights under the Fourth Amendment, and the evidence seized during the search of defendants' vehicle should be suppressed.

Plaintiff asks the Court to revise its findings as to the basis for suppression of evidence and, instead of finding that Phillips' testimony lacked credibility, plaintiff requests that the Court find that plaintiff failed to meet its burden to show that a traffic violation occurred. When the government asks a district court to reconsider a suppression ruling, the government must show that the Court "misapprehended the facts, a party's position, or the law." United States v. Christy, 739 F.3d 534, 540 (10th Cir. 2014). Specific grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. The government should not use a motion to reconsider to "revisit issues already addressed or advance arguments that could have been raised earlier." Id.

Plaintiff does not challenge the Court's ruling on defendants' motions to suppress, but plaintiff argues that the Court erred by finding that Phillips' testimony was not credible. The Court is unclear how the ruling on the occurrence of a traffic violation could be based on anything other than Phillips' testimony, because no other evidence was offered by plaintiff on this issue. Plaintiff also argues that the Court's credibility determination was based on erroneous factual findings or misleading impressions created by plaintiff's presentation of the case. Specifically, plaintiff challenges the Court's findings concerning Phillips' vague explanations for the nature of the traffic violation and for Phillips' delay in initiating the traffic stop. Dkt. # 73, at 2-4. The Court has reviewed plaintiff's arguments and finds no basis to revisit its factual findings. The Court

3

thoroughly reviewed the video evidence and Phillips' testimony when ruling on defendants' motions to suppress, and plaintiff's alternate characterization of the video evidence is not a basis to revisit the Court's factual findings. The Court also notes that it is not required to recite every statement by a witness in its rulings, and the mere fact that the Court did not mention Phillips' testimony concerning Old Airport Road does not mean that this aspect of Phillips' testimony was overlooked or ignored. The Court's opinion and order focused on the most significant and relevant evidence, and plaintiff's failure to specifically bring this aspect of Phillips' testimony to the Court's attention had no bearing on the Court's ruling on defendants' motions to suppress. Finally, plaintiff argues that it is responsible for the "misleading impression" created by its focus on Phillips' motivations for following defendants' vehicle and initiating traffic stop, and plaintiff suggests that the Court would not have found Phillips' police report inconsistent with other evidence if plaintiff had more clearly argued that the purpose of the traffic stop was to conduct a search for illegal drugs. Id. at 6-9. Phillips' testimony at the suppression hearing could not have been more clear, and plaintiff's presentation of the case did not create a misleading impression. The very first question asked by Smith's counsel was whether the traffic stop was pretextual, and Phillips admitted that he wanted to pull defendants' vehicle over before he allegedly witnessed a traffic violation. Dkt. # 73-1, at 32-33. The Court noted inconsistences between Phillips' police report and what actually took place as one factor in its credibility analysis, but Phillips' purpose in initiating a traffic stop to conduct a drug investigation was perfectly clear from his testimony. The Court finds no basis to revise the factual findings or credibility determination stated in the prior opinion and order (Dkt. # 71), and plaintiff's motion to reconsider is denied.

4

**IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider the Court's opinion and order granting defendants' motions to suppress evidence (Dkt. # 73) is **denied**.

**DATED** this 12th day of April, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE